UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE L. GARCIA, et al., | Case No.  1:16-cv-282 AWI-BAM |
| Plaintiff, | |
| v. | ORDER DENYING COUNSEL'S PRO HAC VICE APPLICATION |
| THOMAS J VILSACK, Secretary of United States Department of Agriculture, | (Doc. 380). |
| Defendants. | |

Before the Court is the Application for Admission of Counsel *Pro Hac Vice*, filed by Attorney Phillip L. Fraas', seeking to appear on behalf of Plaintiff Gloria Moralez in this matter. (Doc. 380).  Mr. Fraas' application seeks leave to appear without associating local counsel.

Under the *pro hac vice* rule, an attorney not admitted to practice before this Court, may be permitted to do so for a specific action. L.R. 180(b)(2).  However, Local Rule 180(b)(2)(ii) provides that to be eligible for admission to practice before this court, the attorney shall designate in the application a member of the Bar of this Court with whom the Court and opposing counsel may readily communicate regarding that attorney's conduct of the action and upon whom service shall be made. The attorney shall submit with such application the name, address, telephone number, and consent of such designee. L.R. 180(b)(2)(ii).

In a supporting declaration, Mr. Fraas provides evidence that he is a licensed attorney living in Alexandria, Virginia and he is admitted to practice in the U.S. District Court for the

1

District of Columbia.  *See* Declaration of Phillip L. Fraas ("Fraas Decl."), ¶ 2 (Doc. 380).  Mr. Fraas, however, has been unable to locate local counsel willing to support his *pro hac vice* admission.  Mr. Fraas declares that he has made diligent efforts to locate a local lawyer who is a member of the Bar of this Court to serve as local counsel in this matter.  Fraas Decl., ¶ 5.  While he has located attorneys that could serve as local counsel, they have not returned his phone calls or emails. He further explains that his client, Ms. Moralez, is indigent and is therefore unable to pay the fees of a lawyer who would serve as local counsel.  Fraas Decl., ¶ 6.   For those reasons, Mr. Fraas requests leave to waive local counsel.

Pursuant to Local Rule 180(b)(2)(ii), in the absence of local co-counsel, Mr. Fraas may not appear *pro hac vice* in this case. The local rule's requirement that *pro hac vice* attorneys appear alongside local counsel is not an empty formality.  It serves as a safeguard thereby assuring the Court that *pro hac vice* attorneys are well-informed of the rules of the United States District Court for the Eastern District of California.  Moreover, associating with local counsel is not an impossible hurdle.  By his own declaration, Mr. Fraas has located some attorneys who may be willing to serve as local counsel, but he is still awaiting a response.  The Court encourages Mr. Fraas to continue his efforts to find local counsel willing to endorse his *pro hac vice* application.  In the interim, the Court declines to waive the local counsel requirement at this time.

Accordingly, IT IS HEREBY ORDERED that the *pro hac vice* application of Phillip L. Fraas is DENIED without prejudice until he associates with counsel who is actively admitted to practice in this Court and submits such application with the required information as required by Local Rule 180(b)(2)(ii).

The Clerk of the Court is DIRECTED to issue a refund of Mr. Fraas' *pro hac vice* admission fee.

IT IS SO ORDERED.

Dated:   **April 6, 2016**                              /s/ *Barbara A. McAuliffe*
                                                                                     UNITED STATES MAGISTRATE JUDGE