**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA PALACIOS MORALEZ | **CASE NO. 1:16-CV-0282-AWI-BAM** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | **(Doc. 406)** |
| THOMAS J. VILSACK, Secretary, United States Department of Agriculture, | |
| Defendants. | |

**I. Introduction**

Plaintiff Gloria Palacios Moralez ("Plaintiff") alleges, among other things, that she was discriminated against by the USDA on the basis of race and sex in violation of the Equal Credit Opportunity Act ("ECOA"). Plaintiff was required to have brought her complaint within two years of the date of the alleged discrimination or fall within the Congressionally-created extension of limitation period by having (1) submitted an eligible complaint within between January 1, 1981 and December 31, 1996 and (2) filed an action within two years of the enactment of the extension of the limitation period. *See Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999*, Section 741(a), (e), PL 105-227 (Oct. 21 1998) (codified at 7 U.S.C. § 2279 Historical and Statutory Notes) ("Section 741"). Plaintiff contended that her claim fell within the Congressionally-created limitations period extension. On December

1

21, 2016, this Court granted Secretary of the United States Department of Agriculture ("USDA"), Thomas Vilsack's (the "Secretary"), motion for partial summary judgment, finding that Plaintiff failed to file an eligible complaint within the period set by Section 741. Plaintiff now moves for reconsideration, contending that evidence not previously disclosed by the USDA shows that Plaintiff did submit an eligible complaint.[1]

For the following reasons, Plaintiff's motion will be denied.

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) allows a district court to revisit any order that "adjudicates fewer than all of the claims [at issue] … at any time before the entry" of a final judgment. Fed. R. Civ. P. 54(b). A district court should not grant a motion for reconsideration under Rule 59(e) "absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citations omitted). Specifically, Local Rule 230(j) requires Plaintiff seeking reconsideration of an order to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion…." Local Rule 230(j) (E.D. Cal.); *see Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

"A party seeking reconsideration must show more than a disagreement with the Court's

---

[1] Plaintiff also relies upon a declaration from Michael M. Reyna, former member and former chairman of the Board of Farm Credit Administration (FCA) from 1998 to 2004. *See* Docs. 409 at 7-8, 409-1. Plaintiff submits that information for the first time in a reply in support of a motion for reconsideration. Counsel fails to explain why that information was not previously available nor does he afford the United States an opportunity to respond. The Court will not consider the new arguments and evidence presented for the first time in Plaintiff's reply. *Publius v. Boyer-Vine*, 2017 WL 772146, *22 n. 23 (E.D. Cal. Feb. 27, 2017)  (citing *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief."))

decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, the new facts or law set forth must be of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986) (affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987)).

### III. Discussion

Plaintiff's motion for reconsideration is premised upon the Secretary's response to Plaintiff's interrogatory number 18 and request for production number 9. The interrogatory asks the Secretary to "[d]escribe … each civil rights/discrimination complaint filed by Gloria Moralez for which USDA's office of Civil Rights or predecessor agency has or had a record." The request for production seeks the production of any such records. *See* Doc. 406-1 at 3-4. The Secretary responded that there exists a "record notation of one USDA Program Complaint filed by Gloria Moralez-Orduno in 1994." Doc. 406-1 at 4. As a result of USDA data migration policy, the complaint was transferred to another system and renumbered "#940907-3499." The Secretary indicated that the USDA possessed no additional information or documents regarding that complaint. The Secretary did not provide the above-summarized responses until October 31, 2016—one week after Plaintiff filed her opposition to the Secretary's motion for summary judgment. Doc. 406-1 at 3. In response to Plaintiff's request, the Secretary later provided a summary of the "record notation" which provides no additional detail regarding the "civil rights/discrimination complaint" filed by Plaintiff with the USDA. *See* Doc. 406-2. The Court assumes, without deciding, that the evidence is appropriately treated as newly discovered evidence that could not have previously been discovered with exercise of due diligence.

Plaintiff argues that the existence of the record notation (for complaint number 940907-3499) combined with the Secretary's indication that a USDA Program Complaint was filed within the period set by Section 741 gives rise to an inference that Plaintiff filed an "eligible complaint" within the meaning of Section 741. The Secretary contends that the record notation for complaint number 940907-3499 is a reference to a letter from Plaintiff dated September (09)

3

7 (07), 1994 (94)—thus the complaint number 940907. The letter in question appears to be a discrimination complaint relating to denial of a crop disaster relief grant application. Doc. 407-3 at 2. On that basis, the Secretary argues that the Court's conclusion that no "eligible complaint" was filed remains correct.

In brief summary, "an eligible complaint is any complaint filed with the USDA before July 1, 1997 that alleged ECOA claims of discrimination in administration of farm loan programs occurring between January 1, 1981 and December 31, 1996." Doc. 405 at 11 (citing Section 741(e)); *see* 15 U.S.C. § 1691(a) (making it unlawful for a creditor to discriminate with respect to any aspect of a credit transaction). It is the Court's continued understanding—based on Plaintiff's operative complaint and recent briefing—that her ECOA claim is based on discriminatory denials of "loan and loan servicing applications." Fourth Amended Complaint ("FAC"), Doc. 391 at ¶¶ 63-66, 68. Indeed, ECOA prohibits discrimination only with regard to credit transactions. 15 U.S.C. § 1691(a); *see* Section 741(e) (An eligible complaint to alleges discrimination "in violation of the [ECOA] in administering … a farm ownership, farm operating, or emergency loan….") Plaintiff does not dispute that a disaster grant or "benefit decision is not a 'credit transaction' within the meaning of ECOA." *See Garcia v. Veneman*, 2002 WL 33004124, *1 (D.D.C. Mar. 20, 2002).[2] Plaintiff's September 7, 1994 letter, insofar as it sought to appeal denial of a "disaster grant" application, does not challenge a decision regarding a "credit transaction." *See* Doc. 407-3 at 2. Rather, that decision is appropriately challenged by way of an Administrative Procedure Act ("APA") claim, which Plaintiff asserts as her second cause of action.

Plaintiff responds with two arguments: (1) the Court should not accept the Secretary's assertion that the record notation for complaint number 940907-3499 relates to the letter identified rather than some other loan-related complaint, and (2) even assuming it does refer to the September 7, 1994 letter, that letter should qualify as an eligible complaint.

As to Plaintiff's first argument, she is certainly correct that, at the summary judgment

---

[2] USDA offered both crop disaster relief benefits/grants, *see Bartlett v. USDA*, 2012 WL 640691, *9 (N.D. Iowa Feb. 27, 2012), and crop disaster emergency loans, *Shiplet v. Veneman*, 620 F.Supp.2d 1203, 1211 (D. Mont. 2009) (affirmed (383 Fed.Appx. 667 (9th Cir. 2010)).

4

stage, she is entitled to have all reasonable inferences drawn in her favor. *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1184 (9th Cir. 2016) (citation omitted). Because the Court assumes that the evidence now under consideration is new evidence that could not have previously been presented, the Court affords Plaintiff the benefit of having all reasonable inferences drawn in its favor as the party resisting summary judgment.

The Secretary presents the sworn declaration of Archie Crawford, Chief of the Program Investigation Division in the USDA Office of the Assistant Secretary for Civil Rights. He testifies that during 1993 and 1994, USDA Office of Civil Rights entered written complaints into their records system using the date written on the complaint letter. The September 7, 1994 letter from Plaintiff to Secretary Mike Espy is consistent with the record entry designated "#940907-3499." Doc. 407-9 at 2. Plaintiff fails to present any evidence that would tend to indicate that the record entry designated "#940907-3499" is anything other than the letter in question. Even considering the new evidence in the light most favorable to Plaintiff, no reasonable inference can be drawn that a separate, unrelated and now missing discrimination claim was submitted regarding a credit transaction.

Second, Plaintiff argues that "the letter she wrote appealing the 1993 denial of disaster relief included broad complaints of discrimination when applying for other USDA benefit programs, including credit-related programs." Doc. 406-1 at 6 n. 1.[3] That body of that letter reads in full:

> My name is Gloria Palacios de Orduno. I am a Hispanic female and a small family farmer located in western Fresno County. I am writing to you to seek your advice and assistance in resolving an issue with the USDA Agricultural Stabilization and Conservation Service that threatens the future existence of my small farm and has already affected my personal health. This letter will serve as my official appeal of the California State ASCS Committee decision to uphold the Fresno County ASCS Committee's denial of my application for disaster ~~loan~~ grant (sic). I believe that the Fresno County ASCS Supervisor and a member of the County Committee have purposes committed acts of discrimination against me, and have implemented a plan to deny me program benefits available under

---

[3] Plaintiff presented the same argument, albeit regarding a separate letter on the same issue, to the Court in briefing the issue that she now seeks reconsideration of: "Although the letter ostensibly is to appeal a USDA disaster relief benefit decision, Moralez repeatedly complains of wide scale discrimination against minority applicants, generally, and herself, specifically." Doc. 402 at 29; *see* Doc. 402-7 at 7.

> the U.S. Constitution and the Food, Agriculture, Conservation, and Trade Act of 1990. Due to the fact that I am also a limited resource, small farmer I am unable to hire the professional consultants to assist me in this preparation….

Doc. 407-3 at 2 (interlineation in original). That letter expressly states that it serves to appeal the denial of the disaster grant application. To read from that letter that Plaintiff also intended to complain regarding loan transactions is an unwarranted leap. The Court will not depart from its conclusion that Plaintiff failed to submit an eligible complaint within the period set out by Section 741.

### IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  April 7, 2017                                     _____
                                                          SENIOR DISTRICT JUDGE