1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GLORIA PALACIOS MORALEZ,                Case No.  1:16-cv-00282-AWI-BAM

12                    Plaintiff,              **ORDER DENYING IN PART AND**
                                             **GRANTING IN PART PLAINTIFF'S**
13            v.                              **MOTION TO SUPSEND AND RESET**
                                             **DISCOVERY DEADLINES**
14    MIKE YOUNG[1], Acting Secretary, United
      States Department of Agriculture,       (Doc. 411)
15
                      Defendant.              **ORDER SETTING TELEPHONIC STATUS**
16                                           **CONFERENCE**

17

18

19            Currently before the Court is Plaintiff Gloria Palacios Moralez's motion to suspend

20    discovery and reset the discovery deadlines after resolution of her pending motion for

21    reconsideration.    (Doc. 411).    Defendant Mike Young, Acting Secretary, United States

22    Department of Agriculture ("Defendant") opposed the motion, and Plaintiff replied.  (Docs. 412,

23    415).  The Court heard oral argument on April 7, 2017.  Plaintiff's counsel Brandon Nagy, Phillip

24    Fraas and Michael Tucci appeared by telephone.    Defendant's counsel Joseph Frueh also

25    appeared by telephone.

26            For the reasons that follow, Plaintiff's motion to suspend discovery is discovery shall be

27    _____

      [1]       Mike Young is now the Acting Secretary of the United States Department of Agriculture.  Pursuant to Rule
28    25(d) of the Federal Rules of Civil Procedure, Mike Young is substituted for Thomas J. Vilsack as the defendant in
      this action.

                                                    1

1  denied as moot, but her request to reset the deadline for non-expert liability discovery after
2  resolution of the motion for reconsideration shall be granted.

3  **I.    Background**

4      On March 1, 2016, Plaintiff's claims were transferred to this Court. (Doc. 376). Pursuant
5  to a stipulation of the parties, Plaintiff filed a fourth amended complaint on May 13, 2016. The
6  amended complaint alleged two claims: (1) a violation of the Equal Credit Opportunity Act
7  ("ECOA"), 15 U.S.C. 1691(a), for alleged discrimination related to loans or loan servicing during
8  the periods January 1, 1981 to December 1, 1996, and October 13, 1998 to October 13, 2000; and
9  (2) a violation of the Administrative Procedure Act ("APA") for alleged discrimination in
10  connection with the denial of crop disaster benefits in 1993. (Doc. 391). Defendant Secretary of
11  the U.S. Department of Agriculture answered the fourth amended complaint on June 13, 2016.
12  (Doc. 392).

13      On July 28, 2016, the Court issued a Scheduling Order, which set the deadline to complete
14  nonexpert/liability discovery as April 14, 2017. (Doc. 396). Thereafter, the parties exchanged
15  initial disclosures and written discovery. (Doc. 411-1 at p. 2 and Doc. 412 at p. 3).

16      On October 3, 2016, Defendant filed a motion to dismiss Plaintiff's first cause of action
17  for violation of the ECOA for lack of subject-matter jurisdiction and, in the alternative, for partial
18  summary judgment. (Doc. 399). On December 21, 2016, the Court denied Defendant's motion
19  to dismiss for lack of subject-matter jurisdiction, but granted Defendant's motion for summary
20  adjudication, allowing the matter to proceed against Defendant only on Plaintiff's second cause of
21  action for violation of the APA. (Doc. 405).

22      On December 30, 2016, Plaintiff filed a motion for reconsideration of the Court's order
23  granting summary adjudication and limiting this action to her second cause of action for violation
24  of the APA. (Doc. 406). On February 1, 2017, the Court deemed the matter suitable for decision
25  without oral argument, and the motion for reconsideration was taken under submission as of
26  February 6, 2017. (Doc. 410).

27      On March 10, 2017, Plaintiff filed the instant motion to suspend discovery and reset the
28  discovery deadlines after the Court rules on the pending motion for reconsideration. (Doc. 411).

Defendant opposed the motion, and Plaintiff replied. (Docs. 412, 415).

Following oral argument on the motion to suspend discovery and resent deadlines, the District Court denied Plaintiff's motion for reconsideration. Therefore, the case proceeds solely on Plaintiff's claim for violation of the APA based on alleged discrimination in connection with the denial of crop disaster benefits in 1993. (Doc. 420).

## II. Legal Standard

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

## III. Discussion

### A. Parties' Positions

#### 1. Plaintiff's Position

Plaintiff contends that discovery has been hindered by uncertainty regarding her entitlement to pursue her ECOA claim. Plaintiff asserts that while there is some overlap between her claims, the scope of discovery regarding the ECOA claim is significantly broader. If the motion for reconsideration is granted and she is allowed to pursue her ECOA claim, it will be impossible to complete necessary discovery on this claim by the current April 14, 2017 deadline. Plaintiff asserts that no party has noticed or taken any depositions (except for Plaintiff's) since the filing of the motion to dismiss, and there are a number of potential deponents located throughout the United States. However, the parties have continued to complete written discovery and supplement their disclosures.

#### 2. Defendant's Position

Defendant argues that Plaintiff has not conducted diligent discovery, asserting that despite Plaintiff's representations regarding ongoing discovery in her motion for reconsideration, she has not taken a single deposition or conducted other formal discovery except a first set of

interrogatories and document requests. (Doc. 412 at p. 3.) Defendant further argues that (1) the filing of a motion for reconsideration does not toll discovery or establish good cause, (2) Plaintiff has not identified the specific discovery she requires or how any obstacle prevented her from conducting discovery, (3) there is no basis to suspend and reset discovery on the APA claim, and (4) even if her motion for reconsideration is granted, she would not be entitled to further discovery based on her representations in that motion that discovery was ongoing.

### 3. Plaintiff's Reply

In her reply, Plaintiff argues that because her ECOA has been dismissed, she currently is not entitled to discovery regarding her ECOA claim under Federal Rule of Civil Procedure 26. As a result, she has been prevented from noticing the deposition of U.S. Department of Agriculture officials and other identified knowledgeable persons that only have ECOA information. Plaintiff also argues that she has been conducting written discovery, including writing multiple letters to Defendant addressing deficiencies in responses to her interrogatories and requests for production. Finally, Plaintiff asserts that written discovery has revealed that depositions will be necessary to complete fact discovery, given Defendant's failure or inability to provide records. Plaintiff reasserts that depositions are needed of the knowledgeable individuals identified in the parties' disclosure statements, including Defendant's supplemental disclosures. (Doc. 415 at p. 4.) Plaintiff concludes that the uncertainty of whether she is entitled to conduct ECOA-specific discovery prevents her from noticing and scheduling depositions of these knowledgeable individuals and completing non-expert discovery by the April 14, 2017 deadline.

### B. Analysis

As noted above, Plaintiff's pending motion for reconsideration has been resolved by the Court. Accordingly, her request to suspend discovery pending resolution of that motion is now moot. However, given the previous period of uncertainty regarding the scope of discovery, the Court finds good cause for a brief extension of the deadline to complete non-expert liability discovery on the APA claim. Plaintiff has been diligent in pursuing written discovery, and has not required the parties to expend resources on potentially unnecessary depositions. Further, a brief extension to complete non-expert liability discovery on Plaintiff's APA claim will not result

4

in prejudice to either party.

During oral argument, the parties disputed whether Plaintiff was entitled to discovery on the discrimination component of her APA claim, with Plaintiff asserting that she could not rely on agency records alone and will require depositions to fill any gaps in those records. The parties also dispute the scope of and entitlement to comparator records. The Court will not resolve the disputes at this time, and finds that a brief extension of the relevant discovery deadline will permit the parties to resolve the disputed scope of discovery, by formal motion or other means, and complete additional discovery, if any, on Plaintiff's APA claim.

## IV. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to suspend discovery pending resolution of her motion for reconsideration is DENIED as moot;

2. Plaintiff's request to extend the non-expert liability discovery deadline following resolution of the motion for reconsideration is GRANTED.

3. The deadline to complete non-expert liability discovery is EXTENDED sixty (60) days after service of this order; and

4. The Court SETS a telephonic status conference regarding non-expert liability discovery for **May 18, 2017, at 9:30 a.m. in Courtroom 8 (BAM)** before the undersigned. The parties may appear telephonically at the conference with each party using the following dial-in number and passcode: **dial-in number: 1-877-411-9748; passcode: 3190866.**

IT IS SO ORDERED.

Dated:   **April 12, 2017**                    ___/s/ Barbara A. McAuliffe___
                                                UNITED STATES MAGISTRATE JUDGE

5