1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   GLORIA PALACIOS MORALEZ,              Case No.  1:16-CV-00282-AWI-BAM

10              Plaintiff,                **ORDER GRANTING DEFENDANT'S**
                                          **MOTION FOR PROTECTIVE ORDER**
11       v.
                                          (Doc. 430)
12  GEORGE ERVIN PERDUE III[1],
    Secretary, United States Department of
13  Agriculture,

14              Defendant.

15

16       Currently before the Court is a motion for protective order filed by Defendant George

17  Ervin Perdue III, Secretary of the United States Department of Agriculture ("Defendant") to

18  preclude Plaintiff Gloria Palacios Moralez ("Plaintiff") from obtaining further discovery in this

19  action.  (Doc. 430.)  The parties filed a Joint Statement Re: Discovery Disagreement on May 11,

20  2017.  (Doc. 432.)  The matter was heard on May 18, 2017, before Magistrate Judge Barbara A.

21  McAuliffe.  Plaintiff's counsel Brandon Nagy, Phillip Fraas and Michael Tucci appeared by

22  telephone.  Defendant's counsel Joseph Freuh also appeared by telephone.

23       For the reasons that follow, Defendant's motion for protective order precluding Plaintiff

24  from obtaining further discovery in this action shall be granted.

25       **I.    Background**

26       This action proceeds against the Secretary of the United States Department of Agriculture

27  ───────────────
    [1]      George Ervin Perdue III is now the Secretary of the United States Department of Agriculture.  By operation
28  of Federal Rule of Civil Procedure 25(d), George Ervin Perdue III is substituted for Thomas J. Vilsack as the
    defendant in this action.

("USDA") on Plaintiff's claim for violation of the Administrative Procedures Act ("APA") based on alleged discrimination in connection with the denial of crop disaster benefits in 1993.

Plaintiff is a female farmer of Hispanic descent who owned land near Fresno, California. In 1993, Plaintiff suffered a loss of about 70 percent of her raisin grape crop, which she believed was caused by adverse weather conditions or by the effects of infection of the crop by phomopsis, a grape vine fungus, and Pierce's Disease, a bacterium that attacks grape vines, or both weather and disease. Plaintiff applied for disaster payments from the Farm Service Agency ("FSA") or its predecessor agency, Agricultural Stabilization Conservation Service ("ASCS"). Plaintiff asserts that she met the eligibility requirements, but the USDA denied the payments based on her Hispanic racial/national origin identity and because she is a woman. Plaintiff believes that a number of white male farmers in Fresno County who were similarly-situated received the 1993 crop disaster payments. Plaintiff contends that there are no non-discriminatory explanations for the differential treatment, and that the USDA's failure to provide her with disaster payments while providing such benefits to similarly-situated while male farmers constitutes unlawful discrimination based on race/national origin and sex in violation of the APA, 5 U.S.C. § 706.

Plaintiff recently indicated her intent to depose high-ranking USDA officials in an attempt to show that the agency's stated reasons for denying disaster relief were false, and the real reasons were Plaintiff's race and sex. These officials reportedly include the current and former County Executive Directors of the San Joaquin and Fresno County FSA and the Farm Program Chief and Executive Director of FSA's California State Office. Based on Plaintiff's expressed intent, Defendant now seeks a protective order precluding further discovery, arguing that the focal point of the court's inquiry on Plaintiff's APA claim should be the administrative record already in existence.

According to the joint statement of discovery disagreement, Plaintiff also desires discovery regarding the discrimination complaint she filed, which was investigated by the USDA's Civil Rights Operations ("CRO"). Plaintiff does not identify any other purportedly

"limited discovery" she is seeking.

## II.    Legal Standard

Judicial review of agency action under the APA is generally limited to review of the administrative record.  5 U.S.C. 706 ("In making . . . determinations, the court shall review the whole record or those parts of it cited by a party…."). "The task to the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743-44 (1985).  "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." <u>Id</u>. (citation omitted).

However, the Ninth Circuit has determined that certain circumstances may justify expanding review beyond the record or permitting discovery.  <u>Animal Defense Council v. Hodel</u>, 840 F.2d 1432, 1436 (9th Cir. 1988).  District courts are permitted to admit extra-record evidence in the following limited circumstances:

> (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision,"
>
> (2) if "the agency has relied on documents not in the record,"
>
> (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or
>
> (4) "when plaintiffs make a showing of agency bad faith."

<u>Lands Council v. Powell</u>, 395 F.3d 1019, 1030 (9th Cir. 2005). These exceptions from the general rule "are narrowly construed and applied."  <u>Id</u>.  The burden is on the party seeking to introduce the extra record materials. <u>U.S. v. Iron Mountain Mines, Inc.</u>, 987 F.Supp.1250, 1260-61 (E.D. Cal. 1997).

Plaintiff argues that two exceptions to the general bar on discovery in APA cases apply here.  First, Plaintiff contends that she has made a "strong showing of improper behavior" entitling her to discovery outside the record. <u>Hall v. Norton</u>, 266 F.3d 969 (9th Cir. 2001).  In other words, Plaintiff is contending that she has made a showing of agency bad faith.  For this

exception to apply, "[n]ormally there must be a strong showing of bad faith or improper behavior before the court may inquire into the thought processes of administrative decisionmakers." Animal Defense Council, 840 F.2d at 1437 (citation omitted). An agency acts in bad faith when it engages in wilful misconduct. Iron Mountain Mines, Inc., 987 F.Supp.at 1260-61. The bad faith exception "only comes into play if the plaintiff can adequately justify their discovery request." Bark v. Northrop, et al., 2 F.Supp.3d 1147, 1153 (D. Or. 2014).

Here, Plaintiff's operative complaint relies on assertions of general misconduct by the USDA, based on a 1997 report "Civil Rights at the United States Department of Agriculture." (Doc. 391, Ex. A.) However, as Defendant asserts, that report is largely anecdotal and does not identify specific dates or county committees with confirmed instances of discrimination. Such generalized assertions are not sufficient to establish the necessary strong showing of bad faith. Hall, 266 F.3d at 978 (Ninth Circuit determined that neither newspaper articles nor internal government audits provided "any evidence of wrongdoing," and that mere speculation based on the newspaper articles did not constitute a strong showing of improper behavior necessary to deviate from administrative record rule).

As the second exception, Plaintiff contends that she has made a prima facie showing of discrimination to support discovery. Although "[d]iscovery typically is not available in APA cases . . . if a party makes a significant showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record, it should be granted limited discovery." Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd., 663 F.3d 476, 487–88 (D.C. Cir. 2011). "A plaintiff seeking discovery based on allegations of bad faith or prejudgment must make allegations that are 'serious' and 'nonconclusory,' … or present 'independent evidence of improper conduct." Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd., No. CIV.A. 10-0804 PLF, 2010 WL 8917910, at *2 (D.D.C. June 4, 2010) (citations omitted).

Plaintiff relies on CRO's initial determination that she had established a prima facie case of discrimination based on evidence that some white farmers received disaster program benefits,

while no Hispanic farmers did. (Doc. 432, Ex. 1.) Plaintiff relies on the CRO investigation, and complains that the administrative record does not contain anything about that investigation, such as files and evidence, which inferred discrimination. However, the APA claim at issue in this case is the denial of disaster relief payments. Plaintiff seeks to convert or amend the APA claim into a challenge and incorporation of the CRO investigation, but Plaintiff has not moved to supplement the administrative record with the CRO investigation.[2] More importantly, that CRO investigation found no inference of discrimination and no failure to provide equal opportunity, undermining any showing of agency bad faith. (Doc. 432-3, Ex. 1.) Instead, the CRO investigation determined that Plaintiff was denied disaster relief benefits because she was not qualified, and all the conditions raised by Plaintiff were either controllable or ineligible. (Id.) Thus, Plaintiff has not made the necessary strong showing or presented evidence of improper conduct.

Finally, Plaintiff contends that she should be entitled to delve into motive for the denial of disaster relief benefits because she has asserted a constitutional claim for discrimination. In support, Plaintiff relies on Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev., 59 F.Supp.2d 310 (D.P.R. 1999), in which the district court held that "a plaintiff who is entitled to judicial review of its constitutional claims under the APA is entitled to discovery in connection with those claims." Id. at 328 (citing Webster v. Doe, 486 U.S. 592, 604, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988)).[3]

The Puerto Rico decision, however, is distinguishable from the case at bar because it involved multiple claims, including a Title VI claim and constitutional claims of Equal Protection and Due Process, and not simply an APA claim. Critically, the court based its decision to permit discovery on the total absence of any administrative record with regard to the additional claims,

---

[2] The court expresses no opinion as to whether plaintiff should so move or whether such motion would be successful.

[3] In Webster, the Supreme Court confronted an argument that was not presented here: defendant argued that judicial review of the plaintiff's claims was entirely unavailable due to the limitations of the National Security Act and alternatively, such review should be barred altogether because it would entail extensive intrusions into the agency's affairs. Webster, 486 U.S. at 603–04, 108 S.Ct. 2047. The Court's response that the federal court could control the discovery process was dictum as that discussion was ancillary to the Court's holding that Section 102(c) of the National Security Act did not bar the federal court's jurisdiction to review the constitutional claims in accordance with the APA. Id. at 603, 108 S.Ct. 2047.

making principles of administrative record review inadequate. Id. Moreover, the Puerto Rico court acknowledged that if there was an administrative record and the sole justiciable question was whether the process at issue was arbitrary and capricious under the APA, then the focal point should be the administrative record. Id. at 327-28. As a final matter, the Puerto Rico court also acknowledged that even when constitutional claims have been made, "wide-ranging discovery is not blindly authorized." Id. at 327.

The Court finds that discovery is not warranted in an APA claim based on alleged "constitutional violations." Plaintiff has not cited any controlling authority which warrants unique variance from the legal principle that judicial review of agency action under the APA is generally limited to review of the administrative record. Here, unlike in Puerto Rico, the sole claim is the APA claim and no other claim is pending. A plaintiff cannot skirt the administrative record rule by alleging constitutional violations within the administrative review process. This bootstrap argument does not broaden the review from that of the administrative record to evidence outside the record.

## III. Conclusion and Order

For the reasons discussed, Plaintiff has failed to make the strong showing necessary to permit discovery in this APA action. Accordingly, Defendant's motion for protective order precluding Plaintiff from obtaining further discovery in this action is HEREBY GRANTED.

IT IS SO ORDERED.

Dated:   **May 24, 2017**          ____/s/ *Barbara A. McAuliffe*____
                                    UNITED STATES MAGISTRATE JUDGE