**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA PALACIOS MORALEZ, | **CASE NO. 1:16-cv-00282-AWI-BAM** |
| Plaintiffs, | **ORDER DISMISSING FOR LACK OF STANDING** |
| v. | |
| THOMAS J. VILSACK, Secretary, United States Department of Agriculture | |
| Defendants. | |

**I. Introduction**

Plaintiff Gloria Palacios Moralez ("Plaintiff") brings the instant action alleging violations of the Equal Credit Opportunity Act ("ECOA") and Administrative Procedures Act ("APA") by the Department of Agriculture. Fourth Amended Complaint, Doc. 391 ("FAC.") at ¶ 1. This Court dismissed Plaintiff's ECOA claim as time barred on December 20, 2016. *See* Doc. 405 at 18, 23. Plaintiff's APA claim alleges that the Department of Agriculture's Farmers Home Administration ("FmHA")[1] discriminated against her on the basis of race (Hispanic) and sex (female) in denying her claim for disaster relief benefits.

---

[1] During the 1994 reorganization of the USDA, the FmHA was reorganized into the Farm Service Agency ("FSA"). *See* 7 U.S.C. 6932(a-b) (authorizing the Secretary to establish the FSA and consolidate the farm loan programs previously assigned to the FmHA to the FSA); USDA, *Service Center Agencies: Farm Service Agency*, https://www.sc.egov.usda.gov/AboutSCA.html (last visited December 5, 2017).

1

On October 17, 2017, Plaintiff was ordered to show cause why her APA claim should not be dismissed for lack of standing. The Court noted that, as an operation of Plaintiff's bankruptcy proceedings, Plaintiff appears to no longer be the real party in interest. Plaintiff filed a response to the Court's order to show cause. For the following reasons, Plaintiff's APA claim will be dismissed for lack of standing.

## II. Factual Background

The Court set forth a detailed factual background in its prior order. Doc. 447. In brief summary, Plaintiff filed a Chapter 12 bankruptcy petition on January 24, 1992. Plaintiff suffered a crop loss in 1993. She applied for disaster relief benefits regarding that loss. Those benefits were denied by agents of the Department of Agriculture ("USDA"), explaining that Plaintiff's loss was not a result of a covered disaster condition. Plaintiff appealed the decision, contending that (1) her loss was a result of a covered disaster condition and (2) the denial of crop benefits was a result of discrimination. Plaintiff's discrimination allegation was processed separately from her direct appeal of denial of crop disaster benefits. On March 12, 1996, a final agency decision, affirming the denial, was issued regarding Plaintiff's direct appeal of the denial of crop disaster benefits.

Plaintiff never amended her bankruptcy schedules to indicate either her crop loss claim or her discrimination claim against the USDA. Plaintiff made payments on her bankruptcy plan for four years. The bankruptcy court discharged Plaintiff's remaining debts on January 16, 1997. On February 21, 1997, Plaintiff's bankruptcy case was closed.

On June 11, 1998, Plaintiff received the final decision from the USDA regarding her discrimination claim.

## III. Discussion

In the Court's prior order, it explained that "Plaintiff appears to lack prudential standing to litigate the APA claim" because the bankruptcy trustee retained the rights to all unscheduled estate property after discharge of Plaintiff's debts and closure of the bankruptcy action. Doc. 447. Plaintiff now contends that the Court's conclusion relied upon a conflation of the rules governing Chapter 12 versus Chapter 7 bankruptcy. Plaintiff explains that "a Chapter 12 debtor

*retains* possession of the property of the estate and cures her indebtedness…." Doc. 448 at 3. However, in a Chapter 7 bankruptcy proceeding "the Trustee takes possession of the debtor's property." *Id.* Plaintiff argues, because a Chapter 12 debtor is a "debtor-in-possession," she retained an interest in the present claim after discharge of debts and closure of her bankruptcy case, despite her failure to schedule that claim. Plaintiff is mistaken.

In order for a Chapter 12 or Chapter 13 debtor to maintain an action on behalf of the bankruptcy estate, the asset must be scheduled. In *Cowling v. Rolls Royce Corp.*, 2012 WL 4762143 (S.D. Ind. Oct. 5, 2012), the District Court for the Southern District of Indian resolved the exact situation now at bar. It explained:

> When a debtor has disclosed a pending lawsuit in his bankruptcy proceeding, he can have standing to pursue that lawsuit on behalf of the bankruptcy estate. *See, e.g., Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir.1999) ("Under the reorganization chapters, the debtor-in-possession steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate"); Fed. R. Bankr.P. 6009 (a Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue claims on behalf of the estate). However, when—as here—the debtor has not disclosed a pending lawsuit in his bankruptcy proceeding, that standing is lacking. Simply put, the debtor cannot be said to be pursuing the claims on behalf of the estate when he has not even disclosed their existence to the estate. *See Tucker v. Closure Sys. Int'l*, 2011 U.S. Dist. LEXIS 110786, *5–6, 2011 WL 4479112 (S.D.Ind.2011) (where debtor failed to disclose discrimination claims which existed at time she filed for bankruptcy, court held she was not bringing discrimination claims on behalf of the state and lacked standing to pursue her discrimination lawsuit at the time it was filed); *Calvin v. Potter*, 2009 U.S. Dist. LEXIS 73862, *9, 2009 WL 2588884 (N.D.Ill.2009) ("[plaintiff's] active misrepresentation in her bankruptcy proceedings [by failing to disclose discrimination claims] demonstrates that she is *not* bringing her discrimination claims on behalf of or for the benefit of her bankruptcy estate") (emphasis in original); *Becker v. Verizon North, Inc.*, 2007 U.S.App. LEXIS 9879, *3–5, 2007 WL 749728 (7th Cir.2007) (debtor lacked standing to pursue lawsuit where she failed to disclose it in her Chapter 13 bankruptcy).
>
> As discussed above, [the plaintiff] does not dispute the fact that he has not disclosed this lawsuit in his Chapter 13 bankruptcy proceeding. Accordingly, he cannot be bringing this lawsuit on behalf of the bankruptcy estate….

*Cowling*, 2012 WL 4762143 at *4-5; *accord O'Connell v. Marshalls, Inc.*, 2017 WL 4539288, at *5 (E.D.Pa., 2017). This Court agrees with the reasoning of *Cowling*.

3

Plaintiff failed to schedule her claim despite the ongoing obligation to do so. As a result, Plaintiff cannot litigate that claim on behalf of the estate.

Similarly, Plaintiff cannot litigate the claim on her own behalf because she no longer possesses an interest in that claim.[2] As explained in the Court's previous order, Plaintiff's discrimination claim was estate property for purposes of her Chapter 12 bankruptcy proceeding. Doc. 447 at 8 (citing 11 U.S.C. § 1207(a)(1)). At the close of a bankruptcy estate, all unscheduled estate property remains property of the estate to the exclusion of the debtor. *See* 11 U.S.C. § 554(d); *Pace v. Battley* (*In re Pace*), 146 B.R. 562, 564–66 (9th Cir. BAP 1992), aff'd, 17 F.3d 395 (9th Cir. 1994) (unless formally scheduled, property is not abandoned at the close of the case, even if the trustee had knowledge of the asset); *In re Harvey*, 356 B.R. 557, 565-566 (Bankr. S.D. Ga. 2006). Because Plaintiff did not list the claims in her asset schedules, the trustee neither administered them nor abandoned them at the close of the bankruptcy case, and they remained the property of the bankruptcy estate. 11 U.S.C. § 554(d); *Wilkerson v. World Sav. and Loan Ass'n*, 2009 2777770, *3 (E.D. Cal. Aug. 27, 2009).

Plaintiff's claim will be dismissed for lack of prudential standing.

## IV. Order

Based on the foregoing, Plaintiff's APA claim alleging unlawful discrimination is DISMISSED. The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: December 6, 2017

SENIOR DISTRICT JUDGE

---

[2] It is unclear whether Plaintiff now argues that she is pursuing her claim on behalf of her now-closed bankruptcy estate. For instance, she quotes a portion of Federal Rule Bankruptcy Procedure 6009 for the proposition that it authorizes her to bring suit. Yet, Plaintiff fails to mention that any action by a debtor with regard to estate property is brought on behalf of the estate. *See* Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.") The Court assumes that Plaintiff seeks to recover the claim on her own behalf.